UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL T. HANKINS and SINCERE HANKINS, husband and wife, and MICHAEL WARD, SR. and KAREN E. WARD, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TACOMA, a municipal corporation, TACOMA POLICE DEPARTMENT, and Tacoma Police Officers ROBERT BAKER, JASON BROOKS, and BRIAN S. GARRISON,<br><br>Defendants. | Case No. C06-5099 FDB<br><br>ORDER GRANTING MOTION TO COMPEL PRODUCTION OF REDACTED DOCUMENTS AND DENYING REQUEST FOR PRODUCTION OF MEDICAL RECORDS |

This matter comes before the Court on Plaintiffs' Motion to Compel Redacted and Missing Documents. After having reviewed all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion to compel in the following manner.

**INTRODUCTION AND BACKGROUND**

Plaintiffs' lawsuit alleges that they were assaulted and excessive force used against them by

ORDER - 1

Tacoma police officers when they were falsely arrested and maliciously prosecuted. The Plaintiffs claim that the defendant officers violated their federal civil rights and have asserted claims against the officers pursuant to 42 U.S.C. § 1983 and state law claims. Claims are asserted against the City of Tacoma under 42 U.S.C. § 1983 and state tort law based on the training, supervision and retention of the defendant officers.

Plaintiffs served defendant City of Tacoma with Plaintiffs' First Requests for Production of Documents requesting, among other things, "All I.I.S. investigation files and reports relating to all incidents involving Officer Robert Baker." The records at issue involve complaints made against the individually-named defendant officers.

The City's production contained some documents with "redactions" and other documents withheld in their entirety. The Defendants, relying on RCW 10.97.060, assert that the redacted information is confidential nonconviction data of persons arrested by the police department where the person was not the individual instigating the complaint. The Defendants nonetheless state that they "do not oppose the entry of a court order allowing production of these documents without the redactions of non-conviction data." With respect to the records withheld in there entirety, the City states that these "records are confidential medical records of a third person wholly unrelated to this instant litigation, and consequently, were withheld pursuant to RCW 70.02.020." Again, Defendants state they will "defer to the court's wisdom on whether plaintiffs have articulated a sufficient compelling basis to disclose the confidential medical information of a non-party."

## CRIMINAL RECORDS PRIVACY ACT, RCW 10.97

Washington's Criminal Records Privacy Act, RCW 10.97010, generally provides for the "completeness, accuracy, confidentiality, and security of criminal history record information…." RCW 10.97.080 of the act states: "No person shall be allowed to retain or mechanically reproduce any nonconviction data except for the purpose of challenge or correction when the person who is the subject of the record asserts the belief in writing that the information regarding such person is

ORDER - 2

inaccurate or incomplete." 'Nonconviction data' is all criminal history record information relating to an incident which has not led to a conviction or other disposition adverse to the subject, and for which proceedings are no longer actively pending.' RCW 10.97.030(2). 'Criminal history record information' is information contained in records collected by criminal justice agencies, other than courts, on individuals, consisting of identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges, and any disposition arising therefrom, including acquittals by reason of insanity, dismissals based on lack of competency, sentences, correctional supervision, and release.  RCW 10.97.030(1).

RCW 10.97.050(4) specifically controls the dissemination of nonconviction information: "Criminal history record information which includes nonconviction data may be disseminated by a criminal justice agency to implement a statute, executive order, or a court rule, decision, or order which expressly refers to records of arrest, charges, or allegations of criminal conduct or other nonconviction data and authorizes or directs that it be available or accessible for a specific purpose."

In Barfield v. City of Seattle, 100 Wn2d 878, 676 P.2d 438 (1984) the Washington Supreme Court held that police internal investigation files are not privileged from disclosure under the Public Disclosure Act, RCW 42.17.310, or the limited privilege for communications to a public officer, RCW 5.60.060(5).  The court held that protective orders may be utilized to minimize any potential harm resulting form disclosure.  Protective orders enable trial courts to manage the discovery process in a fashion that will implement the goal of full disclosure of relevant information and at the same time afford the participants protection against harmful side effects. Id. at 886.  See also, State v. Jones, 96 Wn.App. 369, 979 P.2d 898 (1999).

Apparently, the parties to this litigation have already signed a confidentiality agreement.  The Court finds it appropriate to compel production of the redacted nonconviction data.  The parties will adhere to dictates of the confidentiality agreement in the use of this information.

ORDER - 3

## HEALTH CARE DISCLOSURE ACT, RCW 70.02

The Washington Health Care Disclosure Act, RCW 70.02 (HCDA) regulates disclosures and access to health care information. Under the HCDA, absent limited exceptions, a health care provider, an individual who assists a health care provider in the delivery of health care, or an agent and employee of a health care provider may not disclose health care information about a patient to any other person without the patient's written authorization. RCW 70.02.020, RCW 70.02.060. A "health care provider" is defined as "a person who is licensed, certified, registered, or otherwise authorized by the law of this state to provide health care in the ordinary course of business or practice of a profession." RCW 70.02.010(7). "Health care" is "any care, service, or procedure provided by a health care provider: (a) to diagnose, treat, or maintain a patient's physical or mental condition; or (b) that affects the structure or any function of the human body. RCW 70.02.010(4). "Health care information" is any information, whether oral or recorded in any form or medium, that identifies or can readily be associated with the identity of a patient and directly relates to the patient's health care. RCW 70.02.010(6).

It is not evident from the record whether the City of Tacoma Police Department is a "health care provider" within the terms of the legislation. However, the HCDA also provides that all state or local agencies obtaining patient health care information shall adopt rules establishing record security policies consistent with the HCDA.

RCW 70.02.060 authorizes providers to deliver medical records to third parties who comply with its provisions. The primary requirement is that the third party must obtain compulsory process and give notice to the patient in time for them to seek a protective order from the court. RCW 70.02.060(1). Otherwise, the provider must not turn over the records. RCW 70.02.060(2).

The Defendants privilege log indicates that the non-disclosed records consist of patient medical records. These records are subject to the HCDA and are not subject to disclosure without patient authorization.

ORDER - 4

**CONCLUSION**

The Court having reviewed the pleadings and the remaining record, and for the reasons set forth above,

IT IS HEREBY ORDERED:

(1) Plaintiffs' Motion to Compel Redacted and Missing Documents [Dkt. #25] is **GRANTED IN PART**:

(2) Defendant must produce the documents subject to the requests for production without the redaction of nonconviction data.

(3) Plaintiffs are not entitled to discovery of patient medical records.

DATED this 24th day of January, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5